UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V REED,<br><br>                Plaintiff,<br><br>        v.<br><br>DEPARTMENT OF CORRECTIONS, RICHARD MORGAN, G. STEVEN HAMMOND, LARA STRICK, ROB WEBER, MARGARET GILBERT,<br><br>                Defendants. | CASE NO. 3:16-CV-05993-BHS-DWC<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. The Court has reviewed Plaintiff Charles V. Reed's Complaint and concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g). However, Plaintiff has shown he is under imminent danger of serious physical injury and therefore the three-strikes rule does not apply. Accordingly, the Court grants Plaintiff's Motion to Proceed *In Forma Pauperis* (IFP).

## BACKGROUND

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), filed a Declaration and Application to Proceed *In Forma Pauperis* by a Prisoner Bringing a Civil Rights Action Pursuant to 42 U.S.C. § 1983 ("Motion") in this civil rights action on December 2 2016. Dkt.1. Plaintiff alleges Defendants have denied him treatment for Hepatitis C in violation of his Eighth Amendment and Fourteenth Amendment rights. Dkt. 1-1.

## DISCUSSION

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, governs *in forma paupers* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (*citing Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Court notes the PLRA's strike provision does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155; *see El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) ("to constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute"). Further, "[d]ismissal of an action and the subsequent dismissal of the appeal as frivolous amount to two separate strikes." *Richey v. Fleenor*, 2014 WL 5111588 (W.D. Wash Oct. 10, 2014).

I. **Strikes Under 28 U.S.C. 1915(g)**

A review of court records from this District shows at least three of the cases Plaintiff filed while incarcerated were dismissed for failure to state a claim.[1]

Plaintiff filed *Reed v. Coleman* (Case No. 2:10-CV-1805, W.D. Wash.) while incarcerated. During the screening process, this case was dismissed with prejudice for failure to state a claim upon which relief could be granted. As this case was dismissed for failure to state a claim, *Reed v. Coleman* is Plaintiff's first strike. Plaintiff appealed the dismissal. *Reed v. Coleman*, Case No. 11-35248 (9th Cir.). The Court of Appeals for the Ninth Circuit denied his motion to proceed IFP because the appeal was frivolous and instructed Plaintiff to show cause why the court should not summarily affirm the district court's judgment after the filing fee was paid. Plaintiff did not pay the filing fee and the case was dismissed for failure to prosecute. As the motion to proceed IFP was denied as frivolous, Plaintiff's appeal of *Reed v. Coleman* is his second strike. *See Thomas v. Beutler*, 2012 WL 5464631, *2 (E.D. Cal. Nov. 7, 2012) (counting

---

[1] After reviewing court records, including comparing prisoner identification numbers, the Court concludes Plaintiff has filed lawsuits under the names Charles V. Reed and Charles Vincent Reed.

a dismissal for failure to pay a filing fee a strike when the court of appeals denied the plaintiff's motion to proceed IFP because the appeal was frivolous and ordered the plaintiff to show cause why the court should not summarily affirm the district court's judgment upon payment of the filing fee).

Plaintiff also filed *Reed v. State of Washington* (Case No. 3:09-CV-5677, W.D. Wash.) while incarcerated. The case was dismissed based on Plaintiff's failure to state a claim for which relief could be granted. As this case was dismissed for failure to state a claim, *Reed v. State of Washington* is Plaintiff's third strike. Plaintiff also appealed *Reed v. State of Washington* to the Court of Appeals for the Ninth Circuit. The Court of Appeals for the Ninth Circuit denied his motion to proceed IFP because the appeal was frivolous and instructed Plaintiff to show cause why the court should not summarily affirm the district court's judgment after the filing fee was paid. Plaintiff did not pay the filing fee and the case was dismissed for failure to prosecute. As the motion to proceed IFP was denied as frivolous, Plaintiff's appeal of *Reed v. Washington State* is his fourth strike. *See Thomas*, 2012 WL 5464631 at *2 (E.D. Cal. Nov. 7, 2012).

While incarcerated Plaintiff brought at least four actions which were frivolous, malicious, or failed to state a claim; therefore, he is barred from proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because he is under imminent danger.

**II.     Imminent Danger Exception**

The three-strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth

Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges his constitutional rights are being violated because he is being denied adequate medical treatment. Dkt. 1-1. Specifically, Plaintiff states he has not been receiving medication to treat his Hepatitis C. *Id.* He contends the lack of treatment will lead to long-term liver damage and death. *Id*. The Court finds Plaintiff has sufficiently alleged a danger which is "ready to take place" or "hanging threateningly over his head" as a result of the lack of treatment for his Hepatitis C. *Cervantes*, 493 F.3d at 1056. Plaintiff has therefore shown the imminent danger exception applies in this case, and Plaintiff is exempted from the three-strikes rule. *See Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (lack of adequate treatment for Hepatitis C constitutes "imminent danger").

## CONCLUSION

The Court grants Plaintiff's Motion (Dkt. 1) as Plaintiff has shown imminent danger to overcome his three strikes. If Defendants dispute the Court's finding that Plaintiff is in imminent danger, Defendants may raise the argument in their responsive pleadings and the Court will revisit the issue.

As Plaintiff's Motion to Proceed IFP is granted, the Court orders as follows:

(1)     Plaintiff's declaration indicates he is unable to afford the Court's filing fee or give security therefore. As set forth below, an initial partial filing fee will be collected, and Plaintiff is

1  thereafter required to make monthly payments of 20 percent of the preceding month's income
2  credited to his account until the full amount of the filing fee is satisfied.

3      (2)    Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved application to proceed *in*
4  *forma pauperis*, the agency having custody of the above-named Plaintiff is directed to calculate
5  an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly
6  deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account
7  for the 6-month period immediately preceding the date of this Order. The initial partial filing fee
8  should be forwarded to the Clerk of Court as soon as practicable.

9      Subsequently, if the prisoner's account exceeds $10.00, each month the agency having
10 custody of the prisoner is directed to collect and forward payments equal to 20 percent of the
11 prisoner's preceding month's income credited to the prisoner's account. In the event that the
12 monthly payment would reduce the prisoner's account below $10.00, the agency should collect
13 and forward only that amount which would reduce the prisoner's account to the $10.00 level.
14 Please note this $10.00 limit does not apply to the initial partial filing fee described above.
15 Finally, the monthly payments should be collected and forwarded to the Court until the entire
16 filing fee ($350.00) for this matter has been paid.

17     (3)    The Clerk is directed to send a copy of this Order to Plaintiff, to the financial
18 officer of this Court, and to the agency having custody of Plaintiff.

19     Dated this 23rd day of December, 2016.

                              David W. Christel
                              United States Magistrate Judge