1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V REED, | |
| Plaintiff, | CASE NO. 3:16-CV-05993-BHS-DWC |
| v. | ORDER TO FILE AMENDED COMPLAINT |
| DEPARTMENT OF CORRECTIONS, RICHARD MORGAN, G. STEVEN HAMMOND, LARA STRICK, ROB WEBER, MARGARET GILBERT, | |
| Defendants. | |

Plaintiff Charles V. Reed, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by January 23, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is incarcerated at Stafford Creek Corrections Center ("SCCC"), alleges he is being denied treatment for Hepatitis C in violation of his Eighth Amendment rights. Dkt. 6.

Plaintiff states he suffers from headaches, lack of energy, fatigue, dizziness, and forgetfulness. *Id*. He contends the lack of treatment will also lead to long-term liver damage and death. *Id*.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### I. Personal Participation

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v.*

*Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff names the following Defendants: the Department of Corrections, Richard Morgan, G. Steven Hammond, Lara Strick, Rob Weber, and Margaret Gilbert. *See* Dkt. 6. Plaintiff fails to state the alleged wrong-doing of any Defendant in this case. He provides detailed information regarding his medical condition and prison policies regarding his treatment. *Id*. Plaintiff states he put Defendants on notice of his medical complaints by filing grievances and letters. *Id*. at pp. 22-24. He, however, fails to explain what actions or inactions by Defendants resulted in deliberate indifference to his serious medical needs. The Court also notes several Defendants hold supervisory positions. *See* Dkt. 6. Plaintiff cannot bring a §1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's conclusory allegations are insufficient to show Defendants personally participated in the alleged constitutional violations. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, if Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each

Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

## II. Improper Defendant

Plaintiff names the Washington State Department of Corrections ("DOC") as a Defendant. Dkt. 6, p. 1. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a §1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under §1983 and should not be named in this lawsuit.

## III. Instructions to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations

1  of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

2  defendant who is not specifically linked to a violation of Plaintiff's rights.

3  If Plaintiff fails to file an amended complaint or fails to adequately address the issues

4  raised herein on or before January 23, 2017, the undersigned will recommend dismissal of this

5  action pursuant to 28 U.S.C. § 1915.

6  The Clerk is directed to provide Plaintiff with the appropriate forms for filing a 42 U.S.C.

7  § 1983 civil rights complaint and for service. The Clerk is further directed to provide Plaintiff

8  with copies of this Order and Pro Se Instruction Sheet.

9  Dated this 23rd day of December, 2016.

*[signature]*

David W. Christel
United States Magistrate Judge