UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V REED,

        Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 3:16-CV-05993-BHS-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff Charles V. Reed's "Motion for the Appointment of Counsel, and to Appoint Expert Witness" ("Motion"). Dkt. 9.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

1 *grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the
2 Court must evaluate both "the likelihood of success on the merits [and] the ability of the
3 [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."
4 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718
5 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp
6 of his case or the legal issues involved and an inadequate ability to articulate the factual basis of
7 his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

8      In the Motion, Plaintiff states he is unable to afford counsel. Dkt. 9. He states Court-
9 appointed counsel is necessary because the issues in his case are complex, he is suffering from
10 medical problems which prevent meaningful litigation, he has limited knowledge of the law, and
11 his status as a prisoner limits his access to expert witnesses. *Id*.

12      At this time, Plaintiff has not shown, nor does the Court find, this case involves complex
13 facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims
14 in a fashion understandable to the Court or shown he is likely to succeed on the merits of his
15 case. The Court notes Plaintiff has adequately articulated his claims in the Amended Complaint,
16 and his request for counsel was organized and understandable to the Court. *See* Dkt. 8, 9.
17 Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors
18 constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are
19 the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL
20 1110432, *1 (W.D. Wash. Apr. 24, 2009).

21      Plaintiff also requests appointment of an expert witness. Dkt. 9. However, Plaintiff's
22 request is conclusory. He does not provide any explanation for why he needs an expert witness

23

24

1  appointed at this time. Rather, he states his case will likely require an expert medical witness,

2  which supports his need for Court-appointed counsel. Dkt. 9-2, p. 4.

3      For the above stated reasons, the Court finds Plaintiff has failed to show the appointment

4  of counsel or an expert witness is appropriate at this time. Accordingly, Plaintiff's Motion is

5  denied without prejudice.

6      Dated this 23rd day of February, 2017.

                        David W. Christel
                        United States Magistrate Judge