UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V REED,

    Plaintiff,

v.

RICHARD MORGAN, G. STEVEN HAMMOND, LARA STRICK, ROB WEBER, MARGARET GILBERT,

    Defendants.

CASE NO. 3:16-CV-05993-BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Charles V. Reed's "Motion for Order to Compel Discovery, and to Find Defendants Non-responsive Admissions as Admitted" ("Motion to Compel") and "Second Request on Motion for the Appointment of Counsel, and to Appoint Expert Witness" ("Motion for Counsel"). Dkt. 32, 34.[1]

---

[1] Also before the Court is Defendants Margaret Gilbert, G. Steven Hammond, Richard Morgan, Lara Strick, and Rob Weber's Motion for Summary Judgment, which will now be ready for the Court's consideration on December 22, 2017. *See* Dkt. 40.

The Court concludes Plaintiff failed to timely serve his interrogatories. Further, Plaintiff's requests for admissions are unduly burdensome. Therefore, Plaintiff's Motion to Compel (Dkt. 32) is denied. The Court also finds Plaintiff has not shown the appointment of counsel or an expert witness is necessary at this time. Accordingly, the Motion for Counsel (Dkt. 34) is denied.

### I. Motion to Compel (Dkt. 32)

Plaintiff filed the Motion to Compel on August 3, 2017, requesting the Court order Defendants to respond to his requests for admissions and interrogatories. Dkt. 32.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed.R.Civ.P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

Plaintiff states he served requests for admission on June 22, 2017 and requests for interrogatories on June 25, 2017. Dkt. 32. Defendants contend the discovery requests were untimely. Dkt. 38.

Under this Court's Mandatory Pretrial Discovery and Scheduling Order Pursuant to Amended General Order 09-16, all discovery had to be completed by July 24, 2017. Dkt. 22. This "discovery deadline represents the latest date upon which discovery responses may be due

and accordingly, any written discovery requests [must have been] served sufficiently in advance of this date to ensure compliance with this deadline." *Id*. at p. 6. Further, for discovery to be timely, a party must serve discovery at least 30 days prior to the discovery deadline in order to allow the other party sufficient time to respond. *See* Fed. R. Civ. P. 33(b)(2), 36(a)(3). If the discovery requests are served by mailing, the party serving discovery must also allow for an additional three days. *See* Fed. R. Civ. P. 5(b)(2)(C), 6(a) and (d).

As Plaintiff served his discovery requests by mail, Plaintiff was required to serve the discovery requests at least 33 days prior to the discovery deadline to allow Defendants time to answer. The discovery period closed on July 24, 2017. Dkt. 22. Plaintiff signed – effectively mailing – his requests of admissions on June 22, 2017 and interrogatories on June 25, 2017. Dkt. 32. Thus, Defendants' responses to Plaintiff's requests for admissions were due on July 25, 2017 and their responses to Plaintiff's interrogatories were due on July 28, 2017. As Defendants' responses were due after July 24, 2017, Plaintiff did not allow adequate time for Defendants to respond to the discovery requests prior to the close of discovery. Therefore, Plaintiff's discovery requests were untimely and the Court declines to compel Defendants to respond. Accordingly, the Motion to Compel (Dkt. 32) is denied.

The Court, however, finds the interests of justice dictate that the parties should be allowed to serve additional discovery. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute"). Therefore, the Court will allow the parties to serve 20 requests for admissions, 10 interrogatories, and 5 requests for production pursuant to the deadlines provided below. *See infra*, Section III.

## II. Motion for Counsel (Dkt. 34)

On February 23, 2017, the Court denied Plaintiff's requests for court-appointed counsel and a court-appointed expert witness. Dkt. 18. Plaintiff has now filed a second Motion for Counsel, again requesting court-appointed counsel and a court-appointed expert witness. Dkt. 34.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel and documents filed in support of the Motion for Counsel, Plaintiff states he is unable to afford counsel. Dkt. 34, 35, 36. He states court-appointed counsel is necessary because the issues in his case are complex, he is suffering from medical problems which prevent meaningful litigation, he has limited knowledge of the law, and his status as a prisoner limits his access to expert witnesses. Dkt. 34, 35, 36.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court, nor has he shown he is likely to succeed on the merits of his case. The Court notes Plaintiff has adequately articulated his claims in the Amended Complaint, and the Motion to Compel and requests for counsel were organized and understandable to the Court. *See* Dkt. 8, 9, 32, 34, 35. While Plaintiff has provided additional information alleging medical problems, the information does not show Plaintiff is likely to succeed on the merits. Dkt. 35. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

Plaintiff also requests appointment of an expert witness. Dkt. 34. However, Plaintiff's request is conclusory. He states the medical evidence will likely require a medical expert to help assist the trier of fact at trial. He does not, however, provide any explanation for why he needs an expert witness appointed at this time. As in his previous motion, Plaintiff believes his case will likely require an expert medical witness, which he states supports his need for court-appointed counsel. *See* Dkt. 35, p. 5; Dkt. 36, p. 4.

For the above stated reasons, the Court finds Plaintiff has failed to show the appointment of counsel or an expert witness is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 34) is denied without prejudice.

**III. Conclusion**

Plaintiff's Motion to Compel (Dkt. 32) is denied. The parties, however, are given leave to serve a total 20 requests for admissions, 10 interrogatories, and 5 requests for production on or

before October 20, 2017.[2] The discovery requests cannot contain sub-parts and must comply with the Federal Rules of Civil Procedure regarding substance and form. The parties must respond to any discovery requests on or before November 24, 2017. If there are discovery disputes, the parties may, after complying with Rule 37, file motions on or before December 8, 2017.

Plaintiff's Motion for Counsel (Dkt. 34) is denied.

Because the Court has extended the time for discovery, the Court also extends the time to respond to Defendants' Motion for Summary Judgment as follows:

- Plaintiff's response to the Motion for Summary Judgment is due on or before December 18, 2017; and
- Defendants' reply is due on or before December 22, 2017.

The Clerk is directed to re-note Defendants' Motion for Summary Judgment (Dkt. 40) for December 22, 2017.

Dated this 4th day of October, 2017.

_____
David W. Christel
United States Magistrate Judge

---

[2] Plaintiff is allowed to serve a total of 20 requests for admissions, 10 interrogatories, and 5 requests for production. He may not serve 20 requests for admissions, 10 interrogatories, and 5 requests for production per Defendant.