UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. REED,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

CASE NO. 3:16-cv-05993-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: February 16, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Charles V. Reed, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in August of 2016.

Plaintiff claims Defendants violated his constitutional rights when they denied him antiviral medication for his Hepatitis C infection and when they promulgated a policy prioritizing medication for prisoners with more advanced infections. However, Plaintiff has not demonstrated that Defendants' actions amount to deliberate indifference to a serious medical need, nor that the Department of Corrections' ("DOC") policy violates his Eighth Amendment

REPORT AND RECOMMENDATION - 1

protections. Therefore, the Court recommends that defendants' Motion for Summary Judgment ("Motion") be granted and Plaintiff's action be dismissed.

## BACKGROUND

Plaintiff filed his Complaint in December of 2016. Dkt. 1. Pursuant to this Court's Order, he filed an Amended Complaint in January of 2017. Dkt. 8. Plaintiff alleges he has the Hepatitis C virus ("HCV") and it is causing him serious liver damage. Dkt. 8 at 3. However, he alleges Defendants denied him access to antiviral medication, instead providing antivirals only to the HCV patients with more severe liver damage. *Id*. He claims that, by denying him antivirals merely because his liver was in better condition than others, Defendants acted with deliberate indifference to his serious medical need when they followed DOC policy.

In September of 2017, Defendants filed their Motion. Dkt. 40. They allege that DOC's policy is not unconstitutional, either on its face or as applied to Plaintiff. They state that, though the policy does prescribe antiviral medication only to the more severe HCV cases, triaging prisoners in that way does not violate Plaintiff's rights. They further argue that Defendants have, in fact, been consistently treating Plaintiff and so have not ignored his serious medical need. After substituting several defendants (Dkt. 49) and receiving permission to file an over-length brief (Dkt. 52), Plaintiff filed a Response (Dkt. 53) and Defendants filed a Reply (Dkt. 54).

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

>stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). Since Plaintiff has the burden of proof at trial, if Defendants demonstrates that they are entitled to judgment as a matter of law, Plaintiff is still required to present

1  admissible evidence to prove that there exists a material issue of fact. *Matsushita Elec. Indus.*
2  *Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). If Plaintiff fails to demonstrate that a dispute of
3  material fact exists, the Court takes the undisputed facts as true for purposes of summary
4  judgment. *John v. City of El Monte*, 505 F.3d 901, 912 (9th Cir. 2007).

5  **DISCUSSION**

6  **I.   Deliberate Indifference and DOC Policy**

7  Here, Plaintiff has shown and Defendants have conceded that Defendants initially denied
8  Plaintiff antiviral medication for HCV. However, Plaintiff has not shown this was deliberately
9  indifferent to his serious medical need. First, Plaintiff's HCV is a serious medical need. Without
10 treatment, advanced HCV has the potential to cause liver failure. Dkt. 43 at 4. The question then
11 is whether Defendants knew of and disregarded an excessive risk to Plaintiff's health and
12 whether DOC's policy is unconstitutional on its face.

13 *A.  DOC's Policy*

14 When challenging a DOC policy on its face, Plaintiff must show "that no set of
15 circumstances exists under which [the policy] would be valid . . . or that the [policy] lacks any
16 plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (internal quotation
17 marks and citations omitted). Further, when a prison regulation "impinges on inmates
18 constitutional rights, the regulation is valid if it is reasonably related to legitimate penological
19 interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

20 When examining liver damage caused by HCV, DOC grades the amount of tissue
21 scarring (fibrosis) using a "metavir score," ranging from 0 to 4. Dkt. 43 at 5-6 DOC's HCV
22 treatment policy indicates that antiviral treatment is only provided for those with a metavir score
23 greater than three. Dkt. 43-1 at 17. This corresponds to prisoners who have either severe scarring

24

or very severe scarring of their livers. *See* Dkt. 43 at 5-6. Defendants explain that prisoners with scores of two and below, who have no scarring, mild scarring, or moderate scarring, are not at the same risk as those with more scarring because of how long it takes HCV to cause damage, and so antiviral treatment is not medically necessary in those individuals. Dkt. 43 at 8. Further, the treatments Defendants provide are 94% effective even in patients with the most severe liver damage, indicating that deferring treatment does not place prisoners are unreasonable risk. *See* Dkt. 56 at 2. Plaintiff alleges that this policy is inappropriate because it relies on a blanket rule, rather than on medical examinations. However, to show facial invalidity, Plaintiff must show there are no valid circumstances where the policy can be applied. *Stevens*, 559 U.S. at 473. Here, a medical professional examines a prisoner and determines how extreme their liver damage is before determining whether medication is necessary. It is not a categorical rule, but a medical determination that provides antivirals for those with the most severe liver damage. Because this is a valid application of the policy, Plaintiff has not demonstrated it is invalid in all circumstances.

      The policy is further valid because it balances the effective treatment of prisoners with the financial concerns of the DOC. The antiviral medications used by DOC, though effective, are also extremely expensive, costing $52,928.00 per patient per year. Dkt. 45 at 2. By limiting antiviral treatment to those with the most severe damage, DOC defers treatment of those with less severe damage until the disease has progressed to a point where intervention is medically necessary. Dkt. 43 at 9. Though patients are deferred, they are still monitored for increased liver damage and, when their metavir score reaches 3 or 4, will be placed on antiviral treatment. *Id*. As Defendants note, this method of triage has been upheld as constitutional in another circuit, the only court to have addressed the issue of prioritizing the sickest patients in treatment policies.

1  *See Roe v. Elyea*, 631 F.3d 843, 847 (7th Cir. 2011). Because of this, the policy is not invalid in

2  all circumstances. Therefore, it is not facially invalid.

3        ***B. Deliberate Indifference***

4        "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary

5  and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation

6  omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim

7  has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the

8  defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991),

9  *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en

10 banc).

11       A medical need is serious "if the failure to treat the prisoner's condition could result in

12 further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

13 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). If a plaintiff shows he suffered from a serious

14 medical need, he must then show the prison officials responded to the need with deliberate

15 indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical

16 need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974

17 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a

18 prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found

19 deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and

20 disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official

21 must both be aware of facts from which the inference could be drawn that a substantial risk of

22 serious harm exists, and he must also draw the inference." *Id.* Further, a difference of opinion

23

24

REPORT AND RECOMMENDATION - 6

between an inmate and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Here, Defendants have not acted with deliberate indifference in treating Plaintiff. DOC medical staff diagnosed Plaintiff with HCV in 2012. Dkt. 42-1 at 2. At that time, he had a metavir score of 2, indicating moderate fibrosis, but not yet warranting treatment with antiviral medications. *Id*. at 12. This score was confirmed after he received a liver biopsy in 2014. *Id*. at 26. Plaintiff requested that he be placed on antiviral treatment, but the Care Review Committee ("CRC"), noting Plaintiff's metavir score of 2, his age, and the probable length of his infection, indicated they believed antivirals were not yet medically necessary. *Id*. at 67. Later, after Plaintiff received a fibroscan in 2017, his score was upgraded to 4 and Defendants placed him in line for treatment with antiviral medications. Dkt. 42 at 5. Plaintiff is currently undergoing a 12 week antiviral treatment program. Dkt. 55. Defendants have indicated he will not be prematurely removed from the 12 week treatment program unless an emergency arises, such as an adverse reaction to the treatment. Dkt. 55. In addition, as noted above, Plaintiff's regimen is effective in 94% of cases with extreme liver damage, indicating deferral of treatment did not place Plaintiff at excessive risk. Dkt. 56 at 2. Further, Plaintiff has been seen by doctors and other medical staff at least 36 times since entering the DOC. *Id*.

Defendants are clearly treating Plaintiff. Though Plaintiff disagreed with their treatment decisions when his metavir score was at 2 and he was under observation to monitor his liver's progress, this amounts to no more than a difference of opinion between Plaintiff and his healthcare providers. *Franklin*, 662 F.2d at 1344. Beyond this, Plaintiff is now on the medication he requested. Dkt. 55. Because of this, Plaintiff has not shown Defendants acted with deliberate

indifference when treating Plaintiff's HCV. Therefore, the Court recommends Plaintiff's Claim be dismissed as to all Defendants.

**II.     Other Defenses**

Defendants also state Plaintiff has failed to demonstrate personal participation as to three Defendants, has failed to exhaust administrative remedies against two Defendants, is not entitled to injunctive relief, and all Defendants are entitled to qualified immunity. However, the Court has already recommended Plaintiff's Claim be dismissed against all Defendants because Plaintiff has not shown his constitutional rights were violated. Therefore, the Court declines to make determinations of these remaining defenses.

## CONCLUSION

For the reasons above, the Court recommends Defendants' Motion (Dkt. 40) be granted and Plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 16, 2018, as noted in the caption.

Dated this 30th day of January, 2018.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge