UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. REED,<br><br>                Plaintiff,<br>   v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | CASE NO. C16-5993 BHS<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 87, and Plaintiff Charles Reed's ("Reed") objections to the R&R, Dkt. 88.

On August 9, 2018, Judge Christel issued the R&R recommending that the Court grant Defendants' motion for summary judgment because they are entitled to qualified immunity. Dkt. 87. On August 23, 2018, Reed filed objections. Dkt. 88. On September 6, 2018, Defendants responded. Dkt. 89.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Judge Christel concludes that Defendants are entitled to qualified immunity on both of Reed's claims. Regarding Reed's first claim, he asserts that the Washington Department of Corrections' ("DOC") Hepatitis C Virus ("HCV") treatment protocol is unconstitutional. Dkt. 8 at 3. The Court agrees with and adopts the R&R on this claim because Reed has failed to establish that the law is clearly established such that a reasonable person could have known that this protocol was unconstitutional. Although several courts have held that per se protocols denying or limiting medical treatment are unconstitutional, the DOC's protocol includes an exemption for individuals who exhibit "extrahepatic manifestations of [HCV] that warrant treatment." Dkt. 70-1 at 5. In other words, even if an individuals' biopsy score does not warrant treatment under the protocol, the individual may seek the anti-viral treatment if he or she exhibits other objective symptoms that could necessitate treatment. The inclusion of the exemption in the policy is key to the Court's analysis under the prevailing law. Even if the DOC's protocol was unconstitutional as deliberately indifferent to serious medical needs, Reed fails to establish that clearly established law would have provided Defendants fair notice that adopting a general protocol with a special exemption for individual cases would violate the Constitution. In other words, the DOC protocol is not a systematic rejection of medical treatment based on non-medical factors as Reed argues. Dkt. 88 at 6–7. The protocol is more fairly characterized as a guideline with exceptions allowing medical decisions based on individual medical needs. Therefore, the Court adopts the R&R on

ORDER - 2

this issue and grants Defendants' motion for summary judgment on Reed's first claim because Defendants are entitled to qualified immunity.

On the other hand, the Court declines to adopt the R&R on Reed's second and third claims. Reed objects to the R&R on these claims arguing that R&R's conclusions are based on unfounded and incorrect factual findings. In these claims, Reed alleges that, on two separate occasions, Defendants denied his necessary medical care despite actual knowledge of symptoms indicating that his HCV infection was worsening. Dkt. 8 at 17, ¶¶ 2–3. The R&R concludes that "there is no indication [Reed] requested additional treatment during the time Defendants failed to monitor him." Dkt. 87 at 12 (citing Defendants' brief, Dkt. 68 at 22). The evidence in the record, however, establishes that on at least one occasion in early 2016 Reed requested the HCV treatment in a grievance. Dkt. 8 at 9 ("I should be treated for Hepatitis C like others."). The grievance was denied, and Reed appealed stating in part as follows:

> I'm suffering 80% loss of energy & have excruciating pain from increasing headaches, fatigue, dizziness, forgetfulness affecting my ability to concentrate & my behavior has dramatically changed, with having unexplained episodes of violence. The symptoms are evident in my medical file & are listed as warning signs in the HCV Support Project.

*Id.* at 10. This second level appeal was denied, and Reed appealed to the third level. In denying this appeal, the grievance processor quoted Defendant G. Steven Hammond's response as follows:

> I reviewed your Level I and II grievance, the Investigation, and the responses and find them to be adequately investigated. I have read your Level Ill appeal. You grieve not being provided treatment for hepatitis C.
> As explained in the level I and II grievance responses your expressed understanding of the reasoning behind the decision in your case not to

| | |
|---|---|
| 1 | provide hepatitis C treatment at this time demonstrates misunderstanding of the clinical decision making in your case. The standard DOC protocol for |
| 2 | management of hepatitis C has been followed in your case and treatment has been withheld at this point because the degree of your liver disease |
| 3 | does not make treatment medically necessary at this time. You are welcome to discuss further the reasoning behind the clinical decision making in your |
| 4 | case with the SCCC Infection Prevention Nurse or your primary care provider. Your condition will be monitored to assess if and when treatment |
| 5 | might become medically necessary. |
| 6 | Your grievance is not supported and I concur with the level I and II grievance responses. I encourage you to work collaboratively with your |
| 7 | health care providers to attain the best medically necessary care for your health conditions. |

*Id.* at 11. Thus, to the extent the R&R was based on the finding that Reed failed to request additional treatment, the R&R does not accurately reflect the record. Similarly, the Court declines to adopt the conclusion that "[i]nsofar as [Reed] alleges Defendants acted with deliberate indifference when they did not provide HCV checkups from December 23, 2015 until January 31, 2017, he has provided no evidence to suggest he requested, but was denied, treatment during that time" because it is contrary to the evidence cited above. Dkt. 87 at 13.

Reed also objects to the assertion in the R&R that Reed "has not argued that he displayed extrahepatic symptoms." Dkt. 87 at 12. In support of this assertion, the R&R cites evidence relating to a medical assessment performed in the summer of 2014. *Id.* at 13 (citing Dkt. 71 at 2). In that declaration, Reed's treating nurse Elizabeth Eschbach states that before Reed was transferred to her care in August 2014, Reed's previous provider "did not note the presence of extrahepatic manifestations." Dkt. 71, ¶ 5. The Court concludes that medical records from 2014 do not necessarily, and most likely would not, reflect Reed's symptoms in late 2015 to early 2016. Moreover, the basis of

his second and third claims are that Defendants rejected treatment despite knowledge of his outward symptoms. Dkt. 8 at 17, ¶¶ 2, 3. Thus, the Court declines to adopt any conclusion referring to Reed's failure to either allege or argue that he did not display extrahepatic symptoms.

Based on these errors, Reed objects to the R&R's conclusion that "[t]hough failure to monitor [Reed's] condition could constitute negligence, because Defendants had no reason to believe [Reed's] condition was progressing faster than normal, the Court does not find that Defendants' conduct rises past negligence and into deliberate indifference." Dkt. 87 at 14. The Court agrees with Reed that there appears to be a question of fact whether Defendants knew of Reed's worsening symptoms and denied treatment despite this knowledge. To counter Reed's allegations on this issue, Defendants submitted the declaration of Defendant Lara B. Strick, M.D ("Strick"). Dkt. 70. In that declaration, Dr. Strick addresses Reed's alleged symptoms and concludes that each symptom either does not relate to HCV or is a non-specific symptom that could be associated with many other conditions. *Id.* ¶ 5. Reed counters that he requires additional discovery to counter Strick's expert opinion and conclusions. Dkt. 78 at 11–15. The Court concludes that Judge Christel should initially consider Reed's motion to defer ruling on Defendants' summary judgment to allow either limited or full additional discovery. Judge Christel deferred ruling on Reed's motion to defer because it would have been unnecessary in light of his recommendation to grant Defendants' motion for summary judgment. Considering the Court's conclusion that the findings in the R&R do not accurately reflect

the record, the Court will afford Judge Christel the opportunity to consider whether Reed has met his burden in requesting additional discovery.

Finally, Defendants assert that at most Reed has submitted evidence to create a dispute between him and Dr. Strick as to medical opinion testimony. Dkt. 89 at 4–5. Defendants argue that this is an insufficient factual showing to overcome summary judgment. *Id.* at 4 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)). The Court agrees with Defendants that if this ultimately boils down to a difference of medical opinion, then Reed has failed to meet his burden. The Court, however, recognizes that some evidence suggests that Defendants ignored Reed's extrahepatic symptoms and proceeded with the general HCV protocol. *See, e.g.*, Dkt. 8 at 11 ("The standard DOC protocol for management of hepatitis C has been followed in your case and treatment has been withheld at this point because the degree of your liver disease does not make treatment medically necessary at this time."). The Court also notes that the Care Review Committee rejected Reed's request for treatment by concluding in part that Reed is fortunate that his infection has not caused more harm to his body considering the length of the infection and, at this point, it is more likely that he would die of other causes. Dkt. 42-1 at 67 ("The patient should be reassured that he only has F2 fibrosis after ~35 years of the disease. Given he is 61 [years old], there is a high likelihood he will die of an alternative process."). A reasonable juror could possibly conclude that such an explicit statement establishes deliberate indifference to Reed's serious medical needs if legitimate extrahepatic symptoms were presented to the committee and subsequently ignored.

Regardless, the Court concludes that further proceedings before Judge Christel are warranted.

Therefore, the Court having considered the R&R, Reed's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part**;

(2) Defendants' motion for summary judgment, Dkt. 40, is **GRANTED** on Reed's first claim for relief regarding the DOC's HCV protocol;

(3) The Court **DECLINES to adopt** the R&R on all other issues; and

(4) The matter is rereferred for further consideration of all of the pending motions.

Dated this 13th day of November, 2018.

BENJAMIN H. SETTLE
United States District Judge