# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

CHARLES V. REED,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:16-cv-05993-BHS-DWC

ORDER ON MOTION TO AMEND AND MOTION FOR LIMITED DISCOVERY

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Pending before the Court are Plaintiff Charles V. Reed's Motion for Leave to Amend (Dkt. 74) and Motion for Limited Discovery (Dkt. 75).[1] For the reasons stated herein, the Motion to Amend is granted, and Plaintiff should file a copy of his

---

[1] The Court notes Defendants' Motion for Summary Judgment (Dkt. 40) is also pending before the Court. The Court will make a determination on that Motion in a Report and Recommendation.

Second Amended Complaint within two weeks of entry of this order. The Motion for Limited Discovery is also granted.

**I.      Background**

Plaintiff initially filed this action on December 2, 2016. Dkt. 1. On September 25, 2017, Defendants filed a Motion for Summary Judgment. Dkt. 40. The Court initially recommended granting the Motion for Summary Judgment on the merits, but declined to make a recommendation as to whether Defendants were entitled to qualified immunity. Dkt. 57. The Honorable Benjamin H. Settle declined to adopt the Court's Report and Recommendation, and re-referred the case to the undersigned for further proceedings. Dkt. 62. Judge Settle also appointed pro bono counsel for Plaintiff. *Id*. Plaintiff's counsel then filed a Motion to Amend, Dkt. 74, and a Motion for Limited Discovery, Dkt. 75. However, Defendants opposed both motions, arguing the Court should make a determination as to qualified immunity before allowing Plaintiff to amend his complaint or reopening discovery. *See* Dkts. 81, 82.

The Court entered a second Report and Recommendation, recommending Defendants' Motion for Summary Judgment be granted as to qualified immunity. Dkt. 87. Judge Settle adopted that recommendation in part, dismissing Plaintiff's claims regarding the promulgation of the Department of Corrections' ("DOC") protocol regarding treatment of the Hepatitis C Virus ("HCV"). Dkt. 90. However, Judge Settle declined to adopt the Report and Recommendation as to Defendants' qualified immunity regarding their alleged individual deliberate indifference. *Id*. In light of Judge Settle's Order, the Court re-noted Defendants' Motion for Summary Judgment, Plaintiff's Motion to Amend, and Plaintiff's Motion for Limited Discovery for determination on the merits. Dkt. 91.

## II. Discussion

*A. Motion to Amend*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service, or 21 days after "service of a motion under Rule 12(b), (e), or (f) . . . ." Fed. R. Civ. Proc. 15(a)(1). However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). Because, here, the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants oppose allowing Plaintiff to file a Second Amended Complaint. *See* Dkt. 82. Thus, to file a Second Amended Complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers several factors, including: (1) undue delay; (2) prejudice to the opposing party; (3) bad faith; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). It is the burden of the party opposing the motion to demonstrate these factors exist. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

In addition, when a plaintiff proposes to amend a complaint while a summary judgment motion is pending, the Court must examine the request to determine whether the amendment is merely a tactic to prevent termination of the case on summary judgment. *Burdett v. Reynoso*, 399 Fed. App'x 276, 278 (9th Cir. 2010). A request for leave to file an amended complaint is "'not a

vehicle to circumvent summary judgment.'" *Id*. (quoting *Schlacter-Jones v. Gen. Tel*., 936 F.2d 435, 443 (9th Cir. 1991)).

Here, Defendants first oppose Plaintiff's Motion to Amend because they argue they are entitled to qualified immunity and would therefore be prejudiced if Plaintiff is allowed to file his Second Amended Complaint. However, Judge Settle has indicated this Court should consider whether additional evidence may be necessary in order to resolve the issue of qualified immunity. Dkt. 93, pp. 3-4. Judge Settle also noted, based on some of Plaintiff's allegations, a reasonable juror could, in fact, conclude Defendants had acted with deliberate indifference. Dkt. 90, p. 6 ("A reasonable juror could possibly conclude that such an explicit statement [regarding Plaintiff's likelihood of death] establishes deliberate indifferent to [Plaintiff's] serious medical needs if legitimate extrahepatic symptoms were presented to the committee and subsequently ignored"). Further, Judge Settle has previously indicated the underlying disputed facts pertaining to Plaintiff's treatment could have a bearing on whether Defendants are entitled to qualified immunity. *See* Dkt. 62, pp. 9-10. Having reviewed the pleadings, Judge Settle's orders, and the remaining record before the Court, the Court finds additional clarification as to Plaintiff's legal claims and additional evidence may have a bearing on the determination as to qualified immunity. In addition, granting leave to amend does not bar Defendants from raising qualified immunity – rather, they may later raise qualified immunity as applied to Plaintiff's amended allegations. Thus, the court finds Defendants would not be prejudiced if Plaintiff is allowed to file his Second Amended Complaint.

Defendants also argue amendment would be futile in part because Plaintiff has failed to state a claim. Dkt. 82, p. 7. However, Judge Settle's previous Order states "the Court is satisfied that a constitutional violation has occurred if the intentional delay in treating Plaintiff's HCV

was prolonged for an extra year because Defendants failed to properly provide an annual evaluation in 2016 . . . which would have revealed that Plaintiff's severe liver damage qualified him for treatment." Dkt. 62, p. 11. Further, Judge Settle noted that "Plaintiff has shown that his likelihood of success [on the merits] is enough that it warrants the aid of capable counsel." *Id*. Thus, the Court finds amendment would not be futile.

Defendants further argue Plaintiff has not exhausted his administrative remedies for the allegations taking place after January 2016, and so amendment to those allegations are also futile. *See* Dkt. 82, pp. 9-10. However, Plaintiff's pleadings indicate his alleged constitutional violations were ongoing. *See* Dkt. 74-1. Thus, Defendants' argument appears to be that, because Plaintiff did not continually engage in the grievance process with each allegedly continued constitutional violation, he has failed to exhaust his administrative remedies. The Court finds this argument unpersuasive. As one court in the Ninth Circuit has noted, a prisoner is "not required to file a separate appeal every time he unsuccessfully [seeks] relief for the same medical issue from a different care provider." *McNeil v. Hayes*, 2012 WL 5989356, at *4 (E.D. Cal. Nov. 29, 2012). Thus, the Court finds amendment would not be futile as to the claims taking place after January 2016.

Finally, Defendants summarily argue Plaintiff is attempting to amend his complaint as a strategic attempt to avoid summary judgment. *See* Dkt. 82, p. 3. However, for the reasons stated above, the Court finds Plaintiff's request to amend his Complaint demonstrates more than a mere attempt to avoid summary judgment. Plaintiff's proposed Second Amended Complaint includes more precise factual allegations as well as more focused legal argument. Further, this is Plaintiff's counsel's first request to file an amended pleading, and this is Plaintiff's counsel's first submission of Plaintiff's allegations. Based on the appointment of Plaintiff's counsel and the

ORDER ON MOTION TO AMEND AND MOTION
FOR LIMITED DISCOVERY - 5

filing of the proposed Second Amended Complaint less than two months thereafter, the Court finds Plaintiff's request to file an amended pleading is not merely a tactic to avoid summary judgment and improperly prolong this case.

The Court also notes that the Second Amended Complaint contains claims referencing the promulgation of the HCV protocol. *See* Dkt. 74-1, ¶38. Judge Settle adopted the Court's second Report and Recommendation in part in which he stated that, "[a]lthough several courts have held that per se protocols denying or limiting medical treatment are unconstitutional, the DOC's protocol includes an exemption for individuals who exhibit 'extrahepatic manifestation of [HCV] that warrant treatment.'" Dkt. 90, p. 2 (citing Dkt. 70-1, p. 5). Judge Settle concluded "[e]ven if DOC's protocol was unconstitutional as deliberately indifferent to serious medical needs, [Plaintiff] fails to establish that clearly established law would have provided Defendants fair notice that adopting a general protocol with a special exemption for individual cases would violate the Constitution." Dkt. 90, p. 2. Thus, Plaintiff's claims pertaining to the promulgation of the HCV protocol have been dismissed from this action.

Based on the foregoing, the Court finds justice requires Plaintiff be provided leave to amend his Complaint. Accordingly, Plaintiff's Motion to Amend (Dkt. 74) is granted. Plaintiff is directed to file the Second Amended Complaint submitted with his Motion to Amend within two weeks of entry of this order. However, the Court notes Judge Settle has already dismissed the claims in the Second Amended Complaint pertaining to the promulgation of the HCV policy. As such, those claims may be subject to dismissal based on the law of the case. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (finding a court may not revisit issues previously decided by that same court of a higher court).

B. *Motion for Limited Discovery*

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent. Plaintiff argues that he has diligently engaged in discovery, but was *pro se* and incarcerated at the time, and so the discovery was ineffective. Dkt. 75. He states he was originally only provided 10 days to conduct discovery, and even with additional discovery provided in August of 2017, he was unable to adequately propound enough discovery to support his allegations. *Id*. Now that Judge Settle has appointed counsel for Plaintiff, he requests additional time to more adequately engage in discovery. *Id*.

Defendants oppose additional discovery largely because they argue they are entitled to qualified immunity. Dkt. 81. They state that, because they are entitled to qualified immunity, Plaintiff's suggested scope of discovery is too broad and, further, the determination as to qualified immunity should be made before moving forward with the case. *Id*. However, as noted in section II(A) *supra*, having reviewed the record and in light of Judge Settle's orders, the Court finds Plaintiff should have an opportunity for additional discovery.

However, as noted above, Judge Settle has already dismissed Plaintiff's claim pertaining to the promulgation of the HCV policy. Dkt. 90, p. 2. Thus, discovery related to the promulgation of the protocol is no longer relevant to this action.

Based on the foregoing, the Court finds Plaintiff has shown good cause why discovery should be reopened. Accordingly, Plaintiff's Motion for Limited Discovery (Dkt. 75) is granted.

**III. Conclusion and Instructions to the Parties**

Plaintiff's Motion for Leave to Amend (Dkt. 74) is granted. Plaintiff is directed to file the Second Amended Complaint submitted with his Motion to Amend by two weeks from the entry of this order. However, the Court notes Judge Settle has already dismissed the claims in the

Second Amended Complaint pertaining to the promulgation of the HCV policy. As such, those claims may be subject to dismissal based on the law of the case. *See Hall*, 697 F.3d at 1067.

Plaintiff's Motion for Limited Discovery (Dkt. 75) is granted. Counsel for the parties shall meet and confer in order to provide the Court with a Discovery Plan that is consistent with Plaintiff's request for limited discovery and this Order by February 22, 2019. This conference shall be by direct and personal communication, whether that be a face−to−face meeting or a telephonic conference.

Dated this 14th day of January, 2019.

David W. Christel
United States Magistrate Judge