UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V REED,

               Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

               Defendants.

CASE NO. 3:16-CV-05993-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: February 1, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Charles V. Reed, represented by counsel and proceeding *in forma pauperis*, initiated this civil rights action on December 2, 2016. Dkt. 1.

On January 14, 2019, the court granted Plaintiff's Motion to Amend and provided Plaintiff two weeks to file his Proposed Second Amended Complaint. Dkt. 94. An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th

1 Cir. 2012). Defendants' Motion for Summary Judgment challenges the Amended Complaint, which is now "non-existent."

Accordingly, the undersigned recommends Defendant's Motion for Summary Judgment (Dkt. 40) be denied as moot, but Defendant be allowed to re-file a dispositive motion based on the allegations contained in the Second Amended Complaint. *See Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Nelson v. City of Los Angeles*, 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov.6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
2 February 2, 2019, as noted in the caption.

4     Dated this 14th day of January, 2019.

*/s/ David W. Christel*

David W. Christel
United States Magistrate Judge