UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Charles V Reed,<br><br>                Plaintiff,<br><br>    v.<br><br>Washington State Department of Corrections et al.,<br><br>                Defendants. | CASE NO. 3:16-cv-05993-BHS-DWC<br><br>ORDER |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Charles V. Reed, proceeding *in forma pauperis*, initiated this civil rights action on December 2, 2016. Dkt. 1, 6. Presently pending before the Court is Defendants' Second Motion for Summary Judgment ("Second Motion for Summary Judgment") (Dkt. 108) and Defendant's Motion for Protective Order ("Motion for Protective Order") (Dkt. 113). Plaintiff responded, requesting a continuance of the Second Motion for Summary Judgment until further discovery can be completed, Dkt. 115, and opposing

the Motion for Protective Order on the basis that Plaintiff's discovery requests are relevant and proportional to the needs to the case, Dkt. 118.

After a review of the Motions and the relevant record, Plaintiff's request for a continuance is granted (Dkt. 115), and the Second Motion for Summary Judgment (Dkt. 108) is denied without prejudice as moot. The Motion for Protective Order (Dkt. 113) is denied without prejudice.

**BACKGROUND**

In the Second Amended Complaint, Plaintiff alleges his constitutional rights were violated when Defendants denied him treatment for his Hepatitis C. Dkt. 96 at 1. Plaintiff alleges Defendants knew of his serious medical need and failed to provide available treatment, instead allowing his Hepatitis C to progress into a more serious condition. Dkt. 96 at 1.

Plaintiff initially filed this action on December 2, 2016. Dkt. 1. On September 25, 2017, Defendants filed the First Motion for Summary Judgment. Dkt. 40. The undersigned recommended granting the First Motion for Summary Judgment on the merits but declined to make a recommendation as to whether Defendants were entitled to qualified immunity. Dkt. 57. District Judge Benjamin H. Settle declined to adopt the Report and Recommendation and re-referred the case to the undersigned for further proceedings. Dkt. 62. Judge Settle also appointed pro bono counsel for Plaintiff. *Id.* The undersigned directed the parties to submit supplemental briefing on the question of qualified immunity. Dkt. 65. Defendants filed their supplemental brief, arguing they were entitled to qualified immunity. Dkts. 68-71. Through counsel, Plaintiff filed a Motion for Leave to File Second Amended Complaint ("Motion to Amend"), Dkt. 74, and a Motion to Amend Scheduling Order to Allow for Limited Discovery ("Motion for Limited Discovery"), Dkt. 75. In his supplemental brief, Plaintiff sought additional time to conduct

discovery before summary judgment. Dkt. 76. Defendants opposed both Motions, arguing the Court should make a determination as to qualified immunity before granting leave for Plaintiff to amend his complaint or reopening discovery. Dkts. 81, 82.

On August 9, 2018, the undersigned entered a second Report and Recommendation, recommending Defendants' First Motion for Summary Judgment be granted as to qualified immunity. Dkt. 87. Judge Settle adopted the recommendation in part, dismissing Plaintiff's claims regarding the promulgation of the Department of Corrections ("DOC") protocol regarding treatment of Hepatitis C. Dkt. 90. Judge Settle declined to adopt the Report and Recommendation as to Defendants' entitlement qualified immunity regarding their alleged individual deliberate indifference and re-referred the First Motion for Summary Judgment to the undersigned. *Id.*

The undersigned then granted the Motion to Amend, directing Plaintiff to file a second amended complaint, and granted the Motion for Limited Discovery. Dkt. 94. The undersigned recommended the First Motion for Summary Judgment be denied as moot, based on the filing of a second amended complaint, but allowed Defendants to re-file a dispositive motion based on the allegations contained in the second amended complaint, which Judge Settled adopted. Dkts. 95, 101. On January 25, 2019, Plaintiff filed his Second Amended Complaint. Dkt. 96.

On February 8, 2019, Defendants filed an Answer to the Second Amended Complaint. Dkt. 100. On February 21, 2019, the parties entered a discovery plan. Dkt. 102. Discovery is to be completed by August 22, 2019 and dispositive motions are due on or before September 23, 2019. Dkts. 102, 103. One month later, on March 20, 2019, Defendants filed the Second Motion for Summary Judgment. Dkt. 108. On April 9, 2019, Defendants filed the Motion for Protective Order. Dkt. 113.

DISCUSSION

I. **Second Motion for Summary Judgment (Dkt. 108)**

In the Second Motion for Summary Judgment, Defendants move for summary judgment on the issue of qualified immunity. Dkt. 108. Defendants argue Plaintiff fails to show he suffered a deprivation of a constitutional or statutory right, and he fails to show the right allegedly deprived was clearly established at the time of the alleged misconduct. Dkt. 108 at 2.

In opposition, Plaintiff asserts the Second Motion for Summary Judgment is premature and should be denied or continued while discovery takes place. Dkt. 115 at 1-3. Plaintiff states he served interrogatories and requests for production on Defendants. Dkt. 116 at ¶ 10. In response to Plaintiff's discovery requests, Defendants did not produce any documents, objected to every discovery request, and filed the Motion for Protective Order. *Id.*; Dkt. 113. Plaintiff states he has not taken any depositions. Dkt. 116 at ¶ 11. As a result of the lack of discovery, Plaintiff asserts nothing has changed since the Court's prior ruling and Defendants have again filed another motion for summary judgment based on qualified immunity. Dkt. 115 at 4.

Plaintiff submits the affidavit of counsel, Danny Kelly-Stallings, which identifies the relevant information sought. *See* Dkt. 116. In the declaration, Plaintiff's counsel argues he needs further discovery to determine: (1) whether Defendants knew of and disregarding risks to Plaintiff's health; (2) the extent of Plaintiff's extrahepatic symptoms; and (3) why Plaintiff's condition was not monitored. Dkt. 116. Plaintiff's counsel states Plaintiff has not conducted any discovery on these facts to date because he was incarcerated and proceeding *pro se* during the first round of discovery. Dkt. 116 at ¶ 16.

In the Reply, Defendants argue they would be prejudiced if discovery is permitted. Dkt. 117 at 2-3. Defendants contend the qualified immunity defense would be "effectively lost

without the Court ruling on whether any of the allegations in [Plaintiff's] now amended complaint can be disposed of prior to discovery." *Id.* at 3-4. In the alternative, Defendants contend any discovery permitted should be narrowly limited. *Id.* at 4.

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." However, Federal Rule of Civil Procedure 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir. 2002). Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In order to prevail under Rule 56(d), the party opposing summary judgment must make " '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.' " *Emp'rs Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox,* 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.,* 784 F.2d 1472, 1475 (9th Cir. 1986)). The Ninth Circuit has held a Rule 56(d) continuance "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation,* 323 F.3d 767, 773–74 (9th Cir. 2003) (internal quotation marks and citations omitted).

The requirements under Rule 56(d) have been met. The Second Motion for Summary Judgment is based on the argument Defendants are entitled to qualified immunity, and Plaintiff

has not had the opportunity to discover information to justify his opposition. *See* Fed. R. Civ. P. 56(d). Plaintiff has met the requirement of showing by declaration he cannot present facts essential to justify his opposition to the Second Motion for Summary Judgment. *See* Dkts. 115, 116. Plaintiff's counsel states specific facts Plaintiff seeks to elicit through further discovery. Dkt. 116. Plaintiff's counsel states the facts are essential to opposing the Second Motion for Summary Judgment because they would show whether Defendants were deliberately indifferent to Plaintiff's medical needs and whether they are entitled to qualified immunity. *See id.* He also sufficiently demonstrates the specific facts exist by identifying specific witnesses and experts to whom Plaintiff seeks to obtain the facts. *See id.* As Plaintiff has not received any response to his discovery requests to date with respect to the claims in his Second Amended Complaint, he cannot put forth any evidence to controvert the Second Motion for Summary Judgment. *See id.* There is no evidence Plaintiff has failed to diligently pursue discovery.

Moreover, Defendants previously moved for summary judgment on qualified immunity, Dkt. 68-71, and the Court found additional evidence would be necessary to resolve this issue. Dkts. 87, 90, 93, 94. Discovery does not close until August 22, 2019 and dispositive motions are not due until September 23, 2019. Dkts. 102, 103.

Based on the foregoing, the undersigned concludes Plaintiff has met the requirements of Rule 56(d) to require further discovery prior to ruling on Second Motion for Summary Judgment. Accordingly, the undersigned grants Plaintiff's request for a continuance pursuant to Rule 56(d). The Second Motion for Summary Judgment (Dkt. 108) is denied without prejudice as moot. Defendants may to re-file their motion following the completion of discovery, on or before September 23, 2019.

has not had the opportunity to discover information to justify his opposition. *See* Fed. R. Civ. P. 56(d). Plaintiff has met the requirement of showing by declaration he cannot present facts essential to justify his opposition to the Second Motion for Summary Judgment. *See* Dkts. 115, 116. Plaintiff's counsel states specific facts Plaintiff seeks to elicit through further discovery. Dkt. 116. Plaintiff's counsel states the facts are essential to opposing the Second Motion for Summary Judgment because they would show whether Defendants were deliberately indifferent to Plaintiff's medical needs and whether they are entitled to qualified immunity. *See id.* He also sufficiently demonstrates the specific facts exist by identifying specific witnesses and experts to whom Plaintiff seeks to obtain the facts. *See id.* As Plaintiff has not received any response to his discovery requests to date with respect to the claims in his Second Amended Complaint, he cannot put forth any evidence to controvert the Second Motion for Summary Judgment. *See id.* There is no evidence Plaintiff has failed to diligently pursue discovery.

Moreover, Defendants previously moved for summary judgment on qualified immunity, Dkt. 68-71, and the Court found additional evidence would be necessary to resolve this issue. Dkts. 87, 90, 93, 94. Discovery does not close until August 22, 2019 and dispositive motions are not due until September 23, 2019. Dkts. 102, 103.

Based on the foregoing, the undersigned concludes Plaintiff has met the requirements of Rule 56(d) to require further discovery prior to ruling on Second Motion for Summary Judgment. Accordingly, the undersigned grants Plaintiff's request for a continuance pursuant to Rule 56(d). The Second Motion for Summary Judgment (Dkt. 108) is denied without prejudice as moot. Defendants may to re-file their motion following the completion of discovery, on or before September 23, 2019.

## II. Motion for Protective Order

Defendants also seek a protective order striking all pending discovery propounded by Plaintiff and staying all future discovery while the Second Motion for Summary Judgment is considered by the Court. Dkt. 113. In the alternative, Defendants move for the Court to state which qualified immunity issues cannot be decided without additional discovery and limit any required responses to only information needed for a decision on those issues. *Id.*

In light of the fact the Second Motion for Summary Judgment has been denied as moot in order for the parties to complete discovery, the posture of the case has changed, and therefore, the Motion for Protective Order (Dkt. 113) is also denied without prejudice. The parties are directed to meet and confer on the discovery disputes raised in the Motion for Protective Order. Plaintiff's request for attorney fees (Dkt. 118) is denied without prejudice.

Dated this 8th day of May, 2019.

David W. Christel
United States Magistrate Judge