UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. REED,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS,<br>et al.,<br><br>　　　　　　Defendants. | CASE NO. C16-5993 BHS-DWC<br><br>ORDER DENYING<br>DEFENDANTS' OBJECTIONS |

This matter comes before the Court on the order of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 120, and Defendants' objections to the order, Dkt. 121.

On May 8, 2019, Judge Christel granted Plaintiff's Fed. R. Civ. P. 56(d) motion for a continuance to pursue discovery and denied without prejudice Defendants' motion for a protective order and motion for summary judgment. Dkt. 120. On May 22, 2019, Defendants filed objections challenging the standard of review and the order. Dkt. 121.

First, Defendants argue that the Court should review the order *de novo* because it is dispositive of their defense of qualified immunity. Dkt. 121 at 3–4. Although

Defendants argue that the order is "clearly erroneous and contrary to law," which is the standard under Rule 72(a), they contend that the Court should review the order *de novo* under Rule 72(b) because it amounts to an implicit denial of the defense of qualified immunity, which is dispositive. *Id.* Tellingly, Defendants provide no authority for the proposition that denying a preliminary summary judgment motion without prejudice is a dispositive ruling subject to Rule 72(b). Regardless, the Court finds no reason to resolve this argument because Judge Christel did not err under either standard.

Second, Defendants take issue with Judge Christel denying their motion for summary judgment without prejudice to allow for additional discovery. Defendants filed a motion for summary judgment that requires the Court to determine whether issues of fact exist. Fed. R. Civ. P. 56(a). Defendants submitted numerous facts in support of their motion. If Plaintiff does not possess the facts necessary to counter Defendants' facts, then a continuance may be warranted. Fed. R. Civ. P. 56(d). Defendants fail to recognize this well-established procedure and seem to implicitly assert that their facts are the only facts that should matter. For example, Defendants argue that Defendant Weber should be dismissed because "information suggesting Weber was involved in this invalid claim is not likely to exist" and "because Weber has signed a sworn declaration stating "that he was not involved in [Plaintiff's] care, that he was not responsible for conducting a review, and that he would not have been qualified to conduct any review because he is not a medical provider." Dkt. 121 at 10. Plaintiffs should have a fair opportunity to determine whether such information does exist and to determine the veracity of the information in that sworn affidavit. Moreover, there is nothing in the record to suggest

that Defendants could not file a motion to dismiss based on qualified immunity to test the allegations in the complaint or file a motion for summary judgment based on uncontested facts. Judge Christel simply concluded that Plaintiff should have an opportunity to gather some facts before determining whether factual issues exist. There is no error in that conclusion. Therefore, the Court denies Defendants' objections.

**IT IS SO ORDERED**.

Dated this 18th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge