UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. REED,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

CASE NO. 3:16-CV-05993-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: September 20, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Charles V. Reed, proceeding *in forma pauperis*, initiated this civil rights action on December 2, 2016. Dkt. 1, 6. Presently pending before the Court is Defendants' Partial Motion for Judgment on the Pleadings (the "Motion"). Dkt. 132.

The Motion seeks a ruling that Defendants are entitled to qualified immunity and to dismiss Plaintiff's state law claims as a matter of law based on Plaintiff's Second Amended

- 1

Complaint (hereinafter "Amended Complaint"). After a review of the Motion and the relevant record, the undersigned recommends the Motion (Dkt. 132) be denied without prejudice.

## BACKGROUND

The Court previously outlined the extensive procedural history of his case in its May 8, 2019 Order. *See* Dkt. 120 at 2-4, Order on Motion for Summary Judgment, Motion for Protective Order, Request for Continuance, and Request for Attorney Fees. On July 1, 2019, the parties filed a Motion and Joint Stipulation to Modify Deadlines. Dkt. 131. Discovery is to be completed by December 23, 2019 and dispositive motions are due by January 23, 2020. Dkts. 131, 134.

On July 9, 2019, Defendants filed the Motion. Dkt. 132. On July 26, 2019, Plaintiff responded. Dkt. 135. On August 2, 2019, Defendants filed a Reply. Dkt. 136.

## STANDARD OF REVIEW

Defendants move for dismissal of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(c). Dkts. 96, 132. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if Plaintiff's Amended Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## DISCUSSION

### 1. State Law Negligence Claims

Defendants move for judgment on the pleadings dismissing Plaintiff's state medical negligence claims for failure to meet a condition precedent under Washington State law for maintaining a medical negligence action, the filing of a certificate of merit. Dkt. 132 (citing RCW § 7.70.150(5)(a)).[1]

Pursuant to RCW § 7.70.150 ("certificate of merit statute"), a plaintiff is required to submit a certificate of merit by a health care expert which verifies "there is a reasonable

---

[1] On December 2, 2016, Plaintiff filed his Original Complaint in this matter. Dkt. 1. On December 23, 2016, the Court ordered Plaintiff to file an amended complaint, which he did on January 18, 2018. Dkts. 7, 8. On January 14, 2019, the Court granted Plaintiff's Motion to Amend his complaint a second time. Dkt. 94 at 6. On January 25, 2019, Plaintiff filed his Second Amended Complaint, adding medical negligence claims under state law against Defendants Hammond, Strick, and Kariko (formerly Smith). Dkt. 96 at 11-13. Plaintiff also alleged medical negligence claims against six additional Department of Corrections physicians who were members of the Care Review Committee, but Plaintiff has not identified these defendants, and they are not currently represented in this matter. Dkt. 96 at 3, 11-13.

probability that the defendant's conduct did not follow the accepted standard of care," before filing a medical malpractice lawsuit.

However, the certificate of merit statute was declared unconstitutional in *Putman v. Wenatchee Valley Med. Ctr. P.S.*, 166 Wn.2d 974, 985 (2009). In *Putman,* the Washington Supreme Court found the certificate of merit statute unconstitutional on two grounds, holding the statute violated the right of access to the courts and the separation of powers doctrine. *Id.* at 984-85 (holding the certificate of merit statute: (1) "unduly burdens the right of medical malpractice plaintiffs to conduct discovery, and therefore, violates their right of access to the courts," and (2) "changes the procedures for filing pleadings in a lawsuit, thereby jeopardizing the court's power to set procedures [in] violation of the doctrine of separation of powers.").

Defendants acknowledge the holding in *Putman* but argue the holding did not extend to state defendants, relying on two later decided cases from the Washington Supreme Court, *Waples v. Yi*, 169 Wn.2d 152 (2010) and *McDevitt v. Harborview Med. Ctr.*, 316 P.3d 469 (2013).

In *Waples,* a lawsuit between private parties, the court found the Washington statute requiring a plaintiff to serve a health care provider with a 90-day notice of the intent to file a lawsuit, codified at RCW § 7.70.100 (former) ("pre-suit notice statute"), unconstitutional. *Waples,* 169 Wn.2d at 161. Three years after the decision in *Waples,* the *McDevitt* court found the pre-suit notice statute was constitutional when applied to suits against state defendants. *McDevitt,* 316 P.3d at 478. The court explained that in *Waples,* it "did not have occasion to consider the constitutionality of the statute in light of article II, section 26, as applied in cases against state defendants." *Id.* When considering the constitutionality under the separation of powers doctrine, the state supreme court reasoned the legislature has the constitutional authority

REPORT AND RECOMMENDATION - 4

to alter the doctrine of sovereign immunity and can establish preconditions to bringing a lawsuit. *Id.* at 471.

In the Motion, Defendants contend the holding in *McDevitt* should be applied to the certificate of merit statute, in part, because the court in *McDevitt* noted the pre-suit notice statute and certificate of merit statute were "similar." Dkt. 132 at 7-8 (citing *McDevitt,* 316 P.3d at 478). In *Putman,* the court found the certificate of merit statute was unconstitutional, in part, because it "hinders the right of access to courts" by requiring plaintiffs to submit evidence supporting their claims prior to the discovery process. *Putman,* 166 Wn.2d at 979. But, the *McDevitt* court, which did not explicitly alter the *Putman* decision, based its holding on the separation of powers doctrine and found the pre-suit notice statute was constitutional as to state employees because the statute "does not constitute a substantial burden on the ability of governmental tort victims to obtain relief." *McDevitt,* 316 P.3d at 473. Thus, because the result in *Putman* was based in part on the finding that the certificate of merit statute hinders a plaintiff's ability to access the courts, and the *McDevitt* court did not make such a conclusion, the Court does not find the *McDevitt* reasoning directly applicable here. Being related or similar is not the same as being identical, and nothing in *McDevitt* indicates the Washington Supreme Court intended to apply its holding to the certificate of merit statute.

Moreover, Defendants have not cited to any case law which interprets *McDevitt* to apply its reasoning to the certificate of merit statute, and the Court's survey of case law likewise did not uncover such cases. Other post-*McDevitt* decisions have recognized *Putman*'s holding that the certificate of merit statute is unconstitutional and have not suggested any qualifying language with respect to the application of *Putman* to state defendants. *See, e.g. Fast v. Kennewick Pub. Hosp. Dist.*, 187 Wn.2d 27 (2016) (the Washington Supreme Court noted the certificate of merit

1  statute "has been struck down as unconstitutional" but has not been repealed); *see also Lee v.*
2  *Metro Parks Tacoma,* 183 Wash. App. 961, 971 n.3 (2014). Also, *Putman* does not include
3  language to qualify or narrow its holding. *See Putman,* 166 Wn.2d at 984-85.
4      At this time, Defendants have not shown *Putman*'s holding has been narrowed by the
5  state supreme court or that *Putman* does not apply to state employees. Therefore, the Court finds
6  *Putman* controlling and Plaintiff's state law medical negligence claims should not be dismissed
7  pursuant to the certificate of merit statute, RCW § 7.70.150. Accordingly, the Court recommends
8  denying Defendants' Motion (Dkt. 132) without prejudice as to Plaintiff's state medical
9  negligence claims.[2]

10  **2. Qualified Immunity**

11      Defendants' Motion also seeks judgment on the pleadings and dismissal of portions of
12  Plaintiff's case based on qualified immunity. Dkt. 132. Specifically, Defendants argue they are
13  entitled to qualified immunity from Plaintiff's claims that Defendants failed to: (1) perform a
14  Fibroscan diagnostic test and (2) initiate a review of patient treatment priorities for Hepatitis C
15  following a protocol change. Dkts. 96, 132.
16      However, the Court's prior decisions in this case demonstrate Defendants are not entitled
17  to judgment on the pleadings on the issue of qualified immunity. The Court has determined that
18  additional discovery is necessary to resolve the issue of qualified immunity. Dkts. 68-71, 87, 90,
19  93, 94, 120, 127. Judge Settle declined to adopt the undersigned's Report and Recommendation
20  as to Defendants' entitlement to qualified immunity regarding their alleged individual deliberate

---

[2] Nothing in this Report and Recommendation prevents Defendants from re-raising their argument by filing a subsequent motion or by moving for the Court to certify the question of state law to the Washington Supreme Court. *See Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 (1974) (Certification of open questions of state law to the state supreme court can "in the long run save time, energy, and resources and helps build a cooperative judicial federalism," but "[i]ts use in a given case rests in the sound discretion of the federal court.").

1  indifference and re-referred the First Motion for Summary Judgment to the undersigned. Dkt. 90.

2  Defendants again moved for summary judgment on qualified immunity in their Second Motion

3  for Summary Judgment, and the undersigned concluded that discovery was necessary before a

4  ruling could be made. Dkts. 108, 120. Judge Settle adopted the undersigned's Report and

5  Recommendation denying Defendants' Second Motion for Summary Judgment without

6  prejudice to allow for additional discovery. Dkt. 120, 127. Judge Settle found there was no error

7  in the finding that Plaintiff should have a fair opportunity to gather facts before determining

8  whether factual issues exist. Dkt. 127 at 3. Discovery does not close until December 23, 2019

9  and dispositive motions are not due until January 23, 2020. Dkt. 134. Thus, discovery is still

10 ongoing for the claims on which Defendants move for judgment on the pleadings.

11       Defendants now cite to case law which they argue would compel a different result from

12 the Court's prior orders. *See* Dkt. 132 at 12-17. Defendants argue the law was not clearly

13 established at the time of the alleged violations that Plaintiff had a constitutional right to have

14 Defendants initiate a review of patient treatment priorities for Hepatitis C or Plaintiff had a

15 constitutional right to a Fibroscan diagnostic test. Dkt. 132 at 12-17 (citing *Estelle v. Gamble,*

16 429 U.S. 97, 105–06 (1976); *Pyles v. Fahim,* 771 F.3d 403, 411 (7th Cir. 2014) (There is no

17 deliberate indifference for a decision not to order an MRI diagnostic test.); *Dulany v. Carnahan*,

18 132 F.3d 1234, 1242 (8th Cir. 1997) (showing that another physician might have ordered

19 different tests and treatment does not show deliberate indifference); and *El'Amin v. Pearce*, 750

20 F.2d 829, 833 (10th Cir. 1984) ("even taken on its face, the plaintiff's allegation that he was

21 denied X-rays does not rise to a constitutional level.")). However, aside from *Estelle*, none of the

22 cases relied upon by Defendants are binding on this Court nor do they necessarily demonstrate

23 Defendants are entitled to judgment on the pleadings finding qualified immunity in an Eighth

24

1 | Amendment case. *See id.* While Judge Settle noted in his Order "there is nothing in the record to
2 | suggest that Defendants could not file a motion to dismiss based on qualified immunity to test
3 | the allegations in the complaint[,]" Defendants have not cited to authority which would lead this
4 | Court to reconsider its previous ruling on that issue. Rather, Defendants' Motion is merely a
5 | restatement of their Second Motion for Summary Judgment and prior Objections. Dkt. 108 at 18-
6 | 20, 20-21 (Second Motion for Summary Judgment) (arguing Defendants are entitled to qualified
7 | immunity as to Plaintiff's Fibroscan claim and review of treatment priorities claim); Dkt. 121 at
8 | 7-12 (Objections to Order Denying Second Motion for Summary Judgment Without Prejudice)
9 | (same).

10 | While the Court acknowledges the importance of resolving immunity questions at the
11 | earliest possible stage in litigation, *Wood v. Moss,* 572 U.S. 744, 755 n.4 (2014), this is the third
12 | time Defendants have requested a ruling on qualified immunity. There are still facts which have
13 | not been fully developed, such as whether the monitoring of Plaintiff's condition was adequate
14 | and whether his treatment plan was carried out. *See* Dkts. 87, 90, 93, 94, 108, 120, 134. A
15 | motion for judgment on the pleadings should only be granted if "the moving party clearly
16 | establishes on the face of the pleadings that no material issue of fact remains to be resolved and
17 | that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner &*
18 | *Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989) (internal citations omitted). For the same reasons
19 | as the Court has previously determined, it would be premature to decide qualified immunity here,
20 | without more information regarding the factual circumstances which might bear on the Court's
21 | analysis. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (holding that, in light of the
22 | fact that all allegations in the complaint must be regarded as true on a motion to dismiss,
23 | "dismissal [on qualified immunity grounds] for failure to state a claim under 12(b)(6) is
24 |

inappropriate."); *Wong v. United States*, 373 F.3d 952, 956-57 (9th Cir. 2004) (noting it is difficult for courts to decide qualified immunity at the motion to dismiss stage because it forces the Court to decide "far-reaching constitution questions on a nonexistent factual record," and suggesting the issue is better left for summary judgment). Thus, Defendants have not meet the Rule 12(c) standard for the Court to grant a motion for judgment on the pleadings.

Accordingly, Defendants' entitlement to qualified immunity cannot be resolved on the pleadings in this case, and the undersigned recommends the Motion be denied without prejudice. Defendants may re-raise the qualified immunity defense after further development of the record and conclusion of discovery.

## CONCLUSION

After a review of the Motion and the relevant record, the undersigned recommends the Motion (Dkt. 132) be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 20, 2019 as noted in the caption.

Dated this 29th day of August, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9