UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES V. REED,<br><br>                    Plaintiff,<br><br>     v.<br><br>STEVEN HAMMOND, LARA STRICK, ROB WEBER, SARA SMITH, and JOHN DOES No. 1-6, in their individual capacities,<br><br>                    Defendants. | CASE NO. C16-5993 BHS-DWC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO CERTIFY |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 137, and Defendants Steven Hammond ("Hammond"), Sara Kariko (formerly Smith) ("Smith"), Rob Weber ("Weber"), and Lara Strick's ("Strick") ("Defendants") objections to the R&R, Dkt. 138, Plaintiff Charles V. Reed's ("Reed") response to Defendants' objections, Dkt. 140,[1] and Defendants' motion to certify a question to the Washington Supreme Court, Dkt. 139.

---

[1] Reed's Second Amended Complaint alleges that Hammond was the Chief Medical Officer for the Washington Department of Corrections ("DOC"), Smith was the Facility Medical Director for

## I. PROCEDURAL HISTORY

On August 29, 2019, Judge Christel recommended that the Court deny Defendants' partial motion for judgment on the pleadings without prejudice. Dkt. 137 at 1 (citing Dkt. 132).[2] On September 12, 2019, Defendants filed objections, Dkt. 138, and a motion to certify a question to the Washington Supreme Court, Dkt. 139. On September 25, 2019, Reed responded to Defendants' objections. Dkt. 140. On September 30, 2019, Reed responded to Defendants' motion to certify. Dkt. 141. On October 4, 2019, Defendants replied to their motion to certify. Dkt. 142.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In their objections, Defendants argue Judge Christel erred in failing to dismiss Reed's state law claims as a matter of law and erred in finding Defendants were not entitled to qualified immunity from Reed's claims as alleged as a matter of clearly established law. Dkt. 138. In their motion for certification, Defendants argue that if the Court doubts their position on Reed's state law claims, the Court should certify a question to the Washington Supreme Court to decide the issue. Dkt. 139.

---

Stafford Creek Corrections Center, Weber was the Health Services Manager for the DOC, and Strick was the Statewide Infectious Diseases Physician for the DOC. Dkt. 96, ¶¶ 26–29.

[2] Additional procedural history of this case is available in Judge Christel's May 8, 2019 Order. Dkt. 120 at 2–3.

A.  **State Law Medical Negligence**

RCW 7.70.150 ("the certificate of merit statute") requires a plaintiff in a medical malpractice case to file a certificate of merit from a medical expert at the time of filing suit. *Putman v. Wenatchee Valley Med. Ctr. P.S.*, 166 Wn.2d 974, 985 (2009) ("*Putman*") held that the certificate of merit statute was unconstitutional "because it violates the right of access to courts and conflicts with the judiciary's inherent power to set court procedures." The State Supreme Court explained that "[o]btaining the evidence necessary to obtain a certificate of merit may not be possible prior to discovery" and concluded that "[r]equiring plaintiffs to submit evidence supporting their claims prior to the discovery process violates the plaintiffs' right of access to the courts." *Id*. at 979.

*Waples v. Yi*, 169 Wn.2d 152, 155 (2010) (en banc) held that a related provision of Washington law which required plaintiffs to give defendants in medical malpractice cases 90 days notice of their intent to file suit was unconstitutional because it violates the separation of powers. The Washington Supreme Court explained that the notice provision dealt with procedural, not substantive rights and impermissibly added an additional step for commencing a suit beyond those required by the Washington Superior Court Civil Rules. *Id*. at 160 (citing CR 3(a)). *McDevitt v. Harborview Med. Ctr.*, 179 Wn.2d 59, 62–63, 74–75 (2013) (en banc) ("*McDevitt*") "further explain[ed]" the holding in *Waples*, finding *Waples* was applicable to suits against private parties but inapplicable to suits against state defendants. The Washington Supreme Court concluded that "the 90 day presuit notice requirement is constitutional as applied against the State on the grounds that the legislature may establish conditions precedent, including presuit notice

requirements" pursuant to its authority in art. II, § 26 of the Washington Constitution. *McDevitt*, 179 Wn.2d at 63. The Washington Supreme Court reasoned that *Waples* was properly characterized as an as-applied, rather than facial, decision on the unconstitutionality of the notice requirement because it involved only private parties and thus did not address art. II, § 26 or the State's waiver of sovereign immunity, and because a severability clause, RCW 43.72.911, provided that "[i]f any provision of this act or its application to any person or circumstance is held invalid, the remainder of the act or the application of the provision to other persons or circumstances is not affected." *Id*. at 74.

Defendants argue that the reasoning used in *McDevitt* to limit *Waples* to an "as applied" holding pertaining only to private parties also "narrows the holding in *Putman* to an 'as applied' holding pertaining only to private parties, not State defendants." Dkt. 138 at 2. Judge Christel disagreed with this line of argument, reasoning that unlike the certificate of merit requirement in *Putman* which did burden access to the courts, the Washington Supreme Court found the presuit notice requirement in *McDevitt* was constitutional as applied against State defendants in part because it "does not constitute a substantial burden on the ability of government tort victims to obtain relief." Dkt. 137 at 5 (citing *McDevitt*, 179 Wn.2d at 68). Judge Christel concluded that "nothing in *McDevitt* indicates that the Washington Supreme Court intended to apply its holding to the certificate of merit statute." Dkt. 137 at 5.

Defendants move for certification, arguing that while the Court "could predict that Washington courts would apply the reasoning in *McDevitt* to this case," if the Court has any doubts about this conclusion, certification is appropriate. Dkt. 139 at 2–3. Reed

responds that while he does not have a strong objection to the motion to certify, the case should not be stayed during certification as it is unlikely that the Washington Supreme Court would apply any decision retroactively as against Reed and thus might not answer the constitutional question at all. Dkt. 141 at 1, 3.

When there is no controlling Washington Supreme Court precedent on issues of state law, the Court is bound to apply the law as it believes the Washington Supreme Court would under the circumstances. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 77–80 (1938). "If there be no decision by [the state's highest] court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State." *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967).

In *McDevitt*, the Washington Supreme Court declined to apply its holding retroactively, explaining that (1) its decision was not clearly foreshadowed, (2) retroactive application of the decision would impede the legislature's policy objective regarding presuit notification requirements, and (3) retroactive application would create a substantially inequitable outcome. 179 Wn.2d at 76 (citing *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971)).

While Defendants present an unresolved issue of state law, the Court concludes that under the circumstances any decision of the Washington Supreme Court on a certified question would be applied prospectively and would not operate to bar Reed's claims in this case. *Erie R.R.*, 304 U.S. at 77–80. In other words, even if the question was answered in Defendants' favor, it is highly unlikely that the court would enforce the

requirement to preclude Reed's claim. Therefore, for these reasons, the Court denies the objection to the R&R on the certificate of merit issue and denies the motion to certify.

**B.      Qualified Immunity**

**1.      Specific Procedural History**

On September 25, 2017, Defendants moved for summary judgment on Reed's Eight Amendment claim for deliberate indifference to a serious medical need. Dkt. 40. Defendants argued that Reed had failed to establish the violation of a constitutional right and, even if he did establish that violation, Defendants were entitled to qualified immunity because the law was not sufficiently clear. *Id.* at 13–24. On January 30, 2018, Judge Christel issued an R&R recommending that the Court grant the motion because Reed failed to establish the violation of a constitutional right. Dkt. 57. On April 19, 2018, the Court declined to adopt the R&R. Dkt. 62. The Court concluded that Defendants had failed to establish an absence of material questions of fact regarding the violation of Reed's constitutional rights. *Id.* at 4–9. The Court then concluded that the best path forward would be to refer the matter to Judge Christel to address Defendants' other bases for summary judgment such as lack of personal participation and whether the law was clearly established. *Id.* at 9–11. The Court also appointed counsel for Reed. *Id.*

On August 9, 2018, Judge Christel issued a second R&R recommending that the Court grant Defendants' motion for summary judgment on the issue of qualified immunity. Dkt. 87. On November 11, 2019, the Court adopted the R&R in part and declined to adopt it in part. Dkt. 90. First, the Court agreed with the conclusion that there was no clearly established law on the issue of whether the DOC's HCV policy was

unconstitutional on its face. *Id.* at 2. The Court concluded that the key distinction was that the policy included exceptions to the categorical denial of treatment and the exceptions were based on an individual's objective symptoms. *Id.*

Second, regarding Reed's objective symptoms, the Court found that the R&R did not accurately reflect the record. *Id.* at 3–6. The Court concluded that Reed should be given an opportunity to discover evidence to counter Defendants' medical expert evidence and that it was possible that questions of fact could exists whether Defendants were negligent or deliberately indifferent. *Id.* Thus, the Court declined to adopt the R&R on all other issues and referred the matter for further consideration of Reed's motion to amend the complaint and reopen discovery. *Id.* at 7.

On January 25, 2019, Reed filed an amended complaint. Dkt. 96. Reed asserts one claim for violation of his Eight Amendment right and one claim for medical malpractice under Washington law. *Id.* ¶¶ 32–50.

On February 14, 2019, the Court adopted Judge Christel's R&R recommending that Defendants' original motion for summary judgment, Dkt. 40, be denied as moot in light of the amended complaint. Dkt. 101.

On February 22, 2019, Judge Christel issued a scheduling order setting August 22, 2019 as the deadline for completion of discovery.

On March 20, 2019, Defendants filed another motion for summary judgment on qualified immunity despite the order reopening discovery. Dkt. 108. On April 9, 2019, Defendants filed a motion for a protective order requesting that all discovery be stayed pending determination of their motion for summary judgment. Dkt. 113. In other words,

Defendants sought a determination that there are no disputes of material fact and an order precluding Reed from propounding discovery to gather relevant facts. On May 8, 2019, Judge Christel denied both the motion for summary judgment and the motion for protective order without prejudice. Dkt. 120. On May 22, 2019, Defendants filed objections to Judge Christel's order. Dkt. 121. On June 18, 2019, the Court denied Defendants' objections agreeing with Judge Christel that Defendants' motion for summary judgment was premature. Dkt. 127. The Court stated that nothing precludes Defendants from filing a motion for judgment on the pleadings based on qualified immunity. *Id.* at 2–3.

On July 9, 2019, Defendants filed a motion for judgment on the pleadings. Dkt. 132. On August 29, 2019, Judge Christel issued an R&R recommending in part that the Court deny the motion because additional discovery is necessary and "qualified immunity cannot be resolved on the pleading in this case . . . ." Dkt. 137 at 6–9. On September 12, 2019, Defendants filed objections. Dkt. 138.

**2.    Merits**

Reed's amended complaint contains numerous allegations that "Defendants were recklessly and deliberately indifferent" to his serious medical needs. *See, e.g.*, Dkt. 96, ¶¶ 34–40. Defendants request qualified immunity as to two specific allegations, which Defendants refer to as (1) the failure to initiate a review claim and (2) the right to a Fibroscan claim. Dkt. 132 at 13–16. Reed responded in part by arguing that Defendants fail to seek a "coherent form of relief" because they are requesting that the Court "dismiss theories and evidence rather than claims—small pieces of Mr. Reed's case, such

as the fact that his monitoring was inadequate and he should have been told when his treatment options changed." Dkt. 135 at 14–15.  The Court agrees with Reed.

A Rule 12(c) motion for judgment on the pleadings is reviewed under the Rule 12(b)(6) standard.  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.").  Rule 12(b)(6) explicitly states the defense of "failure to state a *claim* upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Thus, "[a] dismissal for failure to state a claim is appropriate only where it appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief."  *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

In this case, Defendants seek qualified immunity as to particular allegations in support of Reed's claim.  Defendants, however, provide no authority for the proposition that they may separate and attack particular allegations that support a claim.  The Court finds this failure to be dispositive as to Defendants' motion because Rule 12(b)(6) is "a screening mechanism designed to weed out cases that do not warrant either discovery or trial." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013); *see also* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D, § 9:188.1 ("A Rule 12(b)(6) motion cannot be used to challenge just certain allegations within a claim while the underlying claim is not itself challenged.").  Once discovery is complete, Rule 56 allows parties to seek judgment on a "claim" or "part of [a] claim."  Fed. R. Civ. P. 56(a).  Therefore, the Court denies Defendants' motion for judgment on the pleadings because it improperly requests relief as to individual allegations within Reed's Eighth Amendment claim.

# III. ORDER

Therefore, the Court having considered the R&R, Defendants' objections, Plaintiff's response, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED as modified**; and

(2) Defendants' motion for judgment on the pleadings, Dkt. 132, and motion to certify, Dkt. 139, are **DENIED**.

Dated this 13th day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge