UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. REED,

    Plaintiff,

v.

G. STEVEN HAMMOND, et al.,

    Defendants.

CASE NO. 3:16-CV-5993-BHS-DWC

ORDER

Plaintiff Charles V. Reed filed this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Modify Deadlines and Stay Proceedings while Pending Motions are Considered. Dkt. 143.

A. Request to Stay Proceedings

Defendants request the Court stay the proceedings until 60 days after the State medical negligence issues raised by Defendants have been resolved. Dkt. 143. On January 13, 2020, District Judge Settle adopted the undersigned's Report and Recommendation regarding the State law medical negligence issues and denied Defendants' Motion to Certify State Law Question. Dkt. 147. Based on the foregoing, Defendants' request for a stay is denied as moot.

ORDER - 1

B. <u>Modify Deadlines</u>

Defendants also request the Court extend the following:

1. Deadline for Plaintiff's expert disclosures to 60 days after the resolution of the state law question;

2. Deadline for Defendants' expert disclosures to 90 days after the resolution of the state law question; and

3. Deadline to file and serve any dispositive motion to 150 days after the resolution of the state law question.

Dkt. 143.

Pursuant to local rule, a motion for relief from a deadline should be filed before the deadline lapses. LCR 7(j). The party requesting the extension must show good cause for the extension. Fed. R. Civ. P. 26(b), 6(b)(1). In addition, and extension "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *California Trout v. Fed. Energy Regulatory Comm'n*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009).

Here, Defendants request an extension of the expert disclosure and dispositive motions deadline. Dkt. 143. Defendants state it would be appropriate to have an expert disclosure and expert discovery period after the state law issues are resolved and prior to the dispositive motion deadline. Dkt. 143. Plaintiff responded, stating he does not object to setting deadlines for expert witness disclosures and expert discovery, but objects to extending the dispositive motion deadline because the request is unnecessary and will only achieve delay. Dkt. 144. In their Reply, Defendants argue they will have to file their dispositive motion and declarations without knowing what Plaintiff's expert's testimony will be. Dkt. 145 at 2. Defendants argue changing the dispositive motion deadline would not prejudice Plaintiff as he is already receiving the anti-viral medication he sought. Dkt. 145 at 3.

1  The Court finds Defendants have shown good cause for an extension, and Plaintiff does
2  not argue Defendants are acting in bad faith or that an extension would prejudice him. Moreover,
3  because it appears Defendants were awaiting the Court's decision on their objections to the
4  undersigned's Report and Recommendation and Motion to Certify State Law Question, which
5  was only recently resolved, the Court will extend the expert disclosure and dispositive deadline
6  in order to provide new deadlines which both sides can comply with. Therefore, Defendants'
7  Motion (Dkt. 143) is granted. It is ORDERED:

1. The deadline for Plaintiff's expert disclosures is extended to March 13, 2020. The deadline for Defendants' expert disclosures is extended to April 13, 2020.

2. The Parties may now file dispositive motions on or before June 11, 2020.

Dated this 15th day of January, 2020.

David W. Christel
United States Magistrate Judge