UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES V. REED,

        Plaintiff,

   v.

G. STEVEN HAMMOND, et al.,

        Defendants.

CASE NO. 3:16-CV-5993-BHS-DWC

ORDER

    Plaintiff Charles V. Reed filed this civil rights action under 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Continue Dispositive Motion Deadline ("Motion").[1] Dkt. 152.

    The case is about treatment for Plaintiff's hepatitis-C virus and both parties have retained infectious disease specialists as experts. *See* Dkt. 96, 152. Defendants request the Court extend the deadline to file dispositive motions by 90 days, from June 11, 2020 to September 9, 2020. Dkt. 152. According to Defendants, the parties agreed to schedule depositions on mutually

---

[1] Also pending is Defendants' Third Motion for Summary Judgment (Dkt. 155) which was timely filed prior to the Court's consideration of the Motion (Dkt. 152).

ORDER - 1

agreeable dates after May 22, 2020, but Plaintiff's counsel did not agree to a further continuance of the dispositive motions deadline. *Id.* at 4; Declaration of Aaron Williams ("Williams Dec."), ¶ 8; Dkt. 153. Defendants state the COVID-19 health crisis has made it impossible for Defendants' infectious disease expert, Dr. Chad Zawvitz, a full-time practicing physician at the Cook County Jail in Chicago, to prepare for and attend a deposition. *Id.* Williams Dec., ¶ 7. Defendants state Dr. Zawitz is responsible for the Cook County Jail population which has experienced an outbreak of COVID-19. *Id.* Defendants contend an extension will allow the parties to depose each other's experts prior to the dispositive motion deadline. *Id.* Defendants argue Dr. Zawvitz's assistance is also vital to preparing for the deposition of Plaintiff's infectious disease expert as well as preparing for a dispositive motion. *Id.* at 3, 5. Defendants argue it is essential that expert depositions occur before the dispositive motions deadline, so the Court has the benefit of a fully developed record. *Id.* at 4; *Williams* Dec. at ¶ 9. Defendants also allege Plaintiff is already receiving the anti-viral drugs he sought so they only remaining relief he seeks is damages, thus, he will not be prejudiced by any delay. *Id.* at 5.

Plaintiff has submitted a Response. Dkt. 153. Plaintiff does not argue he will be prejudiced by a continuance, but contends extending the deadline will further delay the case. Dkt. 153. Plaintiff argues he agreed to extend expert discovery to account for delays associated with COVID-19 and has no objections to further expert discovery extensions, however, Defendants have had ample opportunity to prepare for and file dispositive motions. Dkt. 153. Plaintiff also suggests setting a trial date so that extending the dispositive motion deadline does not delay trial, in which case he has no objection to the extension of the dispositive motion deadline. *Id.* at 2-3.

ORDER - 2

Pursuant to local rule, a motion for relief from a deadline should be filed before the deadline lapses. LCR 7(j). The party requesting the extension must show good cause for the extension. Fed. R. Civ. P. 26(b), 6(b)(1). In addition, and extension "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *California Trout v. Fed. Energy Regulatory Comm'n*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009).

The Court finds Defendants have shown good cause for an extension of the dispositive motions deadline, and Plaintiff does not argue Defendants are acting in bad faith or that an extension would prejudice him. Accordingly, the Court concludes the ongoing public health crisis is grounds for a 90-day extension.

It is ORDERED:

1) Defendants' Motion (Dkt. 152) is granted. The Parties may now file dispositive motions **on or before September 9, 2020.**[2] Defendants may withdraw their pending Third Motion for Summary Judgment (Dkt. 155), which was timely filed without expert depositions based on the prior dispositive motions deadline established by the Court, on or before Friday, June 19, 2020 at 12:00pm. Should Defendants fail to withdraw their pending Third Motion for Summary Judgment (Dkt. 155) on or before Friday, June 19, 2020 at 12:00pm, the case will proceed on the Third Motion.

Dated this 16th day of June, 2020.

David W. Christel
United States Magistrate Judge

---

[2] To the extent Plaintiff requests setting a firm trial date, *see* Dkt. 153, the Court does not see a reason to establish a trial date at this time.